**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001064
23-NOV-2015
07:58 AM**

NO. CAAP-14-0001064

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SHIRLEY PISO PICO, formerly known as SHIRLEY PICO UNTALAN,
Plaintiff-Appellant, v. ALEX GANO UNTALAN, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 04-1-0292)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Plaintiff-Appellant Shirley Piso Pico (Pico), *pro se*, appeals from (1) The June 4, 2014 Post-Judgment Order (June 4 Order) entered by the Family Court of the First Circuit (Family Court),[1] denying Pico's motion for post-decree relief from a 2004 divorce decree dissolving the marriage between Pico and Defendant-Appellee Alex Gano Untalan (Untalan), pro se, and (2) The August 1, 2014 Order Denying Plaintiff's Motion for Reconsideration and Request for a Court-Appointed Pro Bono Attorney if Necessary for Jury Trial (August 1 Order).

On appeal, Pico argues the Family Court erred by denying Pico's (1) April 14, 2014 Motion for Post-Decree Relief (April 14 Motion), and (2) June 6, 2014 Motion for Reconsideration (June 6 Motion). Pico seeks reversal and remand.

---

[1] The Honorable Kevin A. Souza presided.

After a careful review of the points raised and the arguments made by the parties, the applicable authority, and the record, we resolve Pico's points on appeal as follows and affirm.

1. The Family Court was correct in denying Pico's April 14 Motion. The April 14 Motion raised the same issues previously raised in Pico's 2013 Hawai'i Family Court Rules (HFCR) Rule 60(b) motion for relief from the 2004 divorce decree and the Family Court's order denying the 2013 motion was a final appealable order which was not appealed. Because it was not appealed, it became the final and binding law of the case. Dosland v. Dosland, 5 Haw. App. 87, 88, 678 P.2d 1093, 1095 (1984) (unappealed denial of first HFCR Rule 60(b) motion was law of the case and precluded consideration of subsequent HFCR 60(b) motion based on the same grounds). Although the Family Court based its decision on *res judicata*, we will not disturb a correct ruling because the reasons given might be erroneous. Cain v. Cain, 59 Haw. 32, 36, 575 P.2d 468, 472 (1978) (affirming trial court's ruling based on *res judicata* doctrine rather than law of the case).

2. Pico also challenges the Family Court's denial of her June 6 Motion asking for reconsideration of the denial of her April 14 Motion.[2] A motion for reconsideration is meant to allow a party to present new evidence and arguments that could not have been made at an earlier hearing. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008). Pico's June 6 Motion for reconsideration did not present any new evidence or make any new arguments that could not have been made in her April 14 Motion for post-decree relief. The Family Court's ruling, therefore, was well within the bounds of reason and the Family Court did not abuse its discretion in denying her

---

[2]     Pico does not present an argument regarding the Family Court's denial of her "Request for a Court Appointed Pro-Bono Attorney if necessary for Jury Trial. We therefore deemed this point waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

June 6 Motion. <u>See</u> <u>Cho v. State</u>, 115 Hawai'i 373, 381, 168 P.3d 17, 25 (2007).

Therefore, the Family Court of the First Circuit's (1) June 4, 2014 Post-Judgment Order and (2) August 1, 2014 Order Denying Plaintiff's Motion for Reconsideration and Request for a Court-Appointed Pro Bono Attorney if Necessary for Jury Trial are affirmed.

DATED:  Honolulu, Hawai'i, November 23, 2015.

On the briefs:

Shirley Piso Pico,
Plaintiff-Appellant, *pro se.*

Alex Gano Untalan,
Defendant-Appellee, *pro se.*

Presiding Judge

Associate Judge

Associate Judge

3